## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE SILVERMAN, on Behalf of Himself and all Others Similarly Situated, | § § § § | CIVIL ACTION NO. **4:12-cv-01332** |
| Plaintiff, | § § § | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FARAJ KABER TO (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE APPOINTMENT OF COUNSEL** |
| v. | § § § § | |
| HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, and JAY JACOBS, | § § § | CLASS ACTION |
| Defendants. | § | |
| NORMAN JACOBS, Individually and On Behalf of all Others Similarly Situated, | § § § | CIVIL ACTION NO. **4:12-cv-01404** |
| Plaintiff, | § § | |
| v. | § § § | CLASS ACTION |
| HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, JAMES J. JACOBS, KENNETH A. JEFFERS, JOHN P. BOYLAN, RICHARD J. HOWE, STEPHEN HARTZELL, J. ALEX LOFTUS, ORRIE LEE TAWES and EDWIN BROUN III | § § § § § § § | |
| Defendants. | § § | |
| MOHAMMAD MANZOOR, On Behalf of Themselves all Others Similarly Situated, | § § § | CIVIL ACTION NO. **4:12-cv-01466** |
| Plaintiffs, | § § | |
| v. | § § § | CLASS ACTION |
| HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, AND JAY JACOBS, | § § § | |
| Defendants. | § | |

Movant Faraj Kaber respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

      (1)      consolidating the above-captioned related actions;

      (2)      appointing Faraj Kaber as Lead Plaintiff for the class of all purchasers of the securities of Houston American Energy Corporation. ("HUSA" or the "Company") during the period between March 29, 2010 and April 18, 2012, both dates inclusive (the "Class Period"); and

      (3) approving Faraj Kaber's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class and the Payne Mitchell Law Group as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On April 27, 2012, the first of three putative securities fraud class actions were brought on behalf of purchasers of the securities of Houston American Energy Corp. ("HUSA" or the "Company") between March 29, 2010 and April 18, 2012 (the "Class Period") against HUSA and certain of its officers and directors.  All three related actions assert claims against defendants under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder, in connection with Company's issuance of misstatements and omissions about its C7 and C9 formations in its Tamandua #1 well.  That same day a law firm issued a PSLRA early notice advising potential class members of the action and the June 26, 2012 deadline for class members to move this Court for appointment of lead plaintiff.  A copy of the PSLRA early notice is attached to the Declaration of R. Dean Gresham filed herewith ("Gresham Decl."), as Exhibit 1.

HUSA is an oil and gas exploration and production company. Its oil and gas exploration and production activities are focused on development of concessions in the South American country of Colombia and development of properties in the U.S. onshore Gulf Coast Region, principally Texas and Louisiana. It seeks to identify favorable drilling opportunities and to use advanced seismic techniques in order to define prospects and to form partnerships and joint ventures for the exploration and production of gas in these regions.

The related actions assert that, during the Class Period, the Company issued misstatements about serious adverse events regarding the economic sustainability and commercial viability of their Tamandua #1 well venture.  In particular, the Company failed to disclose the following adverse facts and issued misstatements, including that: (1) the continued investment in testing and completing the C7 and C9 formations in Tamandua #1 well was unproductive and not commercially viable; (2) the Company lacked adequate internal and financial controls; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times. The related actions assert that as the truth of defendants' misstatements was learned by the market in a piecemeal fashion, this ultimately caused the price of HUSA securities to lose over half of its value.

## ARGUMENT

## I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege the same class period and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a rebuttable presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Faraj Kaber satisfies all of these criteria and thus entitled to the presumption he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

A.     **Movant is Willing to Serve as Class Representative**

Faraj Kaber has filed the instant motion and has filed with the Court a certification attesting to his willingness to serve as a representative of the class and to provide testimony at deposition and trial, if necessary *See* Gresham Decl., Ex. 2.  Mr. Kaber has also been actively working to prosecute this action.

B.     **Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor.  *See Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).

---

[1]   *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Mr. Kaber purchased 30442 shares of HUSA stock during the Class Period and suffered $119,825.64 in losses from those purchases.  *See* Gresham Decl., Ex. 3.  Mr. Kaber believes he has the largest financial interest of any class member that has made an appearance in this litigation to date.  Accordingly, with total losses of $119,825.64, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *Id.*, at 437; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Faraj Kaber fulfills the pertinent requirements of Rule 23.  His claims share substantially similar questions of law and fact with the members of the class and his claims are typical of

those of the members of the class.  Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about HUSAS' drilling operations.  Mr. Kaber, as did all of the members of the class, purchased HUSA shares at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Mr. Kaber and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Mr. Kaber as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above.  Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class.  Accordingly, the Court should appoint Mr. Kaber as Lead Plaintiff for the class.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Payne Mitchell Law Group as Liaison Counsel.  The Rosen Law Firm has been actively researching the class plaintiffs' claims - reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors.  *See* Gresham Decl., Exs. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Mr. Kaber's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of The Rosen Law Firm, the members of the class will receive the best legal representation available.

## <u>CONCLUSION</u>

For the foregoing reasons, Faraj Kaber respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing Faraj Kaber as Lead Plaintiff of the class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Payne Mitchell Law Group as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: June 26, 2012

**PAYNE MITCHELL LAW GROUP**

/s/ R. Dean Gresham
R. Dean Gresham, Esq.
Texas Bar No. 24027215
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (214) 252-1888
Fax: (214) 252-1889
Email: dean@paynemithcell.com

[Proposed] Liaison Counsel for Plaintiffs and Class

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on the 26th day of June, 2012, the foregoing document was filed using the Court's CM/ECF system which will generate an electronic notice of filing to all parties who have registered to receive same.

<u>      /s/  R. Dean Gresham              </u>