UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVE SILVERMAN, Individually and on Behalf of All Others Persons Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) HOUSTON AMERICAN ENERGY CORP., ) JOHN F. TERWILLIGER, and JAY JACOBS, ) ) Defendants. ) | Case No: 4:12-cv-01332<br><br>Melinda Harmon, presiding |

[additional captions on following page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
E. HOWARD KING, JR. FOR CONSOLIDATION OF THE RELATED
ACTIONS, APPOINTMENTAS LEAD PLAINTIFF, AND APPROVAL
<u>OF HIS SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| NORMAN JACOBS, on Behalf of Himself and a Class of Persons Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br>HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, JAMES J. JACOBS, KENNETH A. JEFFERS, JOHN P. BOYLAN, DR. RICHARD J. HOWE, STEPHEN HARTZELL, EDWIN BROUN III, J. ALEX LOFTUS and ORRIE LEE TAWES,<br><br>               Defendants. | Case No: 4:12-cv-01404<br><br>Vanessa D. Gilmore, presiding |
| MOHAMMAD MANZOOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>               Plaintiff,<br><br>v.<br><br>HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, and JAY JACOBS,<br><br>               Defendants. | Case No: 4:12-cv-01466<br><br>Lee H. Rosenthal, presiding |

## PRELIMINARY STATEMENT

The above-captioned securities class action lawsuits (the "Actions") pending before this Court are brought on behalf of all persons who purchased or otherwise acquired the common stock of Houston American Energy Corporation ("HUSA" or the "Company") between March 29, 2010 and April 18, 2012 inclusive, and October 5, 2010 through April 19, 2012, inclusive.[1]

---

[1] The actions *Silverman v. Houston American Energy Corp., et al.*, Civil Action No.: 4:12-CV-1332 (S.D. Tex.) (the "*Silverman* Action") and *Manzoor v. Houston American Energy Corp., et al.*, Civil Action No.: 4:12-CV-1466 (S.D. Tex.) (the "*Mazoor* Action") define the class period as March 29, 2010 and April 18, 2012, inclusive. The action entitled *Jacobs v. Houston American Energy Corp., et al.*, Civil Action No.: 4:12-CV-1404 (S.D. Tex.) (the "*Jacobs* Action"), defines the class period as October 5, 2010 through April 19, 2012, inclusive. For the purposes of this motion, Movant utilizes the longer class period utilized in the *Silverman* and

Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company; John F. Terwilliger ("Terwilliger"), the Company's President, Chief Executive Officer and Chairman; and James J. Jacobs ("Jacobs"), HUSA's Chief Financial Officer.[2]

Movant E. Howard King, Jr. ("Movant") lost more than $121,000.00 as a result of the alleged fraud during the Class Period. Movant respectfully submits this Memorandum of Law in support of his motion: (a) to consolidate the Actions; (b) for appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), Section 21D(a)(3)(B) and (c); 15 U.S.C. § 78u-4(a)(3)(B); and (c) for approval of his selection of Rigrodsky & Long, P.A. ("Rigrodsky & Long") as Lead Counsel and Ware, Jackson, Lee & Chambers LLP ("Ware Jackson") as Liaison Counsel.

Movant believes that he has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.

---

*Mazoor* Actions because numerous courts have determined that using the longest noticed class period is preferable as it will encompass more potential class members. *See In re BP*, 428, 433-34 (S.D. Tex. 2010) (citations omitted).

[2]    The *Jacobs* Action also names as defendants Kenneth A. Jeffers ("Jeffers"), the Company's Senior Vice President-Exploration, as well as Company directors John P. Boylan, Dr. Richard J. Howe, Stephen Hartzell, Edwin Broun III, J. Alex Loftus and Orrie Lee Tawes. Plaintiffs in the Actions allege that defendants violated Section 10(b) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder. In addition, plaintiffs in the Actions allege that the various individual defendants violated Section 20(a) of the Exchange Act.

[3]    Movant's certification identifying his transactions in HUSA common stock, as required by the PSLRA, as well as a chart detailing his losses, is attached to the Declaration of Timothy J. MacFall, dated June 26, 2012 ("MacFall Decl."), as Exhibit A.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See BP PLC,* 758 F. Supp. 2d at 433; *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). Movant satisfies both requirements.

## STATEMENT OF FACTS

The Actions allege that, during the respective class periods, HUSA, an independent oil and gas company focused on the development, exploration, exploitation, acquisition, and production of natural gas and crude oil properties in the U.S. Gulf Coast region and in South America, made materially false and misleading statements, and/or failed to disclose adverse material facts concerning the commercial viability of its Tamandua #1 oil and gas well in Colombia, and the well's C7 and C9 formations.

The Actions allege that on March 1, 2012, the Company announced delays in drilling the Tamandua #1 well, stating that further analysis of the well's C7 and C9 formations would be disclosed upon availability. On this news, the price of HUSA's stock dropped approximately 35%, from a close of $10.84 per share on February 29, 2012 (the day before the disclosure) to a close of $7.00 per share on March 1, 2012. On April 19, 2012, the Company announced that it was ceasing work on the C7 and C9 formations due to damage to the formations while drilling. The Company further announced that the United States Securities and Exchange Commission had commenced an informal investigation of the Company in October 2010, and that HUSA had been subpoenaed for the testimony from its Chief Executive Officer and Chief Financial Officer, as well as certain documents. On this news, the price of the Company's stock declined an additional 36%, from a close of $3.49 per share on April 18, 2012 (the day prior to the

disclosure) to a close of $2.25 per share on April 19, 2012, the day of the disclosure.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

#### A. The Court Should Resolve The Consolidation Issue As A Prerequisite To The Determination of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact, and overlapping defendants. *See* Fed. R. Civ. P. 42(a); *see also BP PLC,* 758 F. Supp. 2d at 432-33; *Enron,* 206 F.R.D. at 440. Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc. Sec. Litig.,* Case No. 99-CV-1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . .") (citation omitted); *see also Primavera Familienstiftung v. Askin,* 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g., In re MicroStrategy Inc. Sec. Litig.,* 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports[]") (internal quotations omitted).

The Actions pending before this Court present similar factual and legal issues, as they all

involve the same subject matter; present, for the most part, the same legal issues; and involve overlapping defendants. Each alleges the same violations of the Exchange Act and each is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the related actions now pending in this District.

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Section 21D(a)(1), 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and (a)(3)(B)(i), 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### 1. Movant Is Willing To Serve As Class Representative

On April 27, 2012, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i), which announced that a securities class action had been filed against HUSA and certain of its officers, and advised putative class members that they had sixty days until June 26, 2012 to file a motion to seek appointment as a lead plaintiff in the action.[4]

---

[4] The *Silverman* Action, filed in this Court of April 27, 2012, is first-filed action. That same day, the Notice was published over *Globe Newswire*. *See* MacFall Decl. Ex. B.

Movant has timely filed his motion pursuant to the Notice. In doing so, Movant has attached his certification attesting to his willingness to serve as a representative party of the Class and provide testimony at deposition and trial, if necessary. *See* MacFall Decl. Ex. A. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

>    2. **Movant Has The Requisite Financial Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant purchased HUSA shares in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. *See* MacFall Decl. Ex. A. In addition, Movant suffered a substantial $121,054.26 loss. *Id.* Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

> **B. Movant Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See BP PLC,* 758 F. Supp. 2d at 435 (citing *Enron,* 206 F.R.D. at 441 ("Typicality and adequacy are directly relevant to the choice of the Lead Plaintiff as well as of the class representative in securities fraud class actions."); *In re Oxford Health Plans, Inc. Sec.*

*Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions [of Rule 23(a)] relevant to a determination of lead plaintiff under the PSLRA.")). "To make such a preliminary showing, potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy." *BP PLC,* 758 F. Supp. 2d at 435 (citation omitted).

Movant's certification establishes that he meets the typicality requirement of Rule 23 because he: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues. *See BP PLC,* 758 F. Supp. 2d at 435 (quoting *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) ("Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.")).

Similarly, [w]ith regard to the adequacy requirement, '[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests.'" *BP PLC,* 758 F. Supp. 2d at 435 (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999)).

The claims asserted by Movant are typical of those of the Class. Movant, like the other members of the Class, acquired shares of HUSA during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from

defendants' common course of wrongful conduct.[5] Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992).

Moreover, Movant is an adequate representative for the Class. There is no antagonism between Movant's interests and those of the Class. Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B) (v). Moreover, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B) (iii)(I)(cc).

### III. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Rigrodsky & Long as the proposed Lead Counsel for the Class and Ware Jackson as the proposed Liaison Counsel. The members of Rigrodsky & Long and Ware Jackson have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See*

---

[5] The Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___; 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), does not alter the foregoing analysis. In *Wal-Mart*, the Supreme Court specifically noted that securities fraud suits are appropriate for class treatment where plaintiffs can establish at the class certification stage that the securities traded on an efficient market due to the "fraud on the market" presumption. *Id.* at 2552 n.6.

9

MacFall Decl. Ex. C (the firm résumé of Rigrodsky & Long).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the above-captioned, and all subsequently-filed, related actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions and all subsequently-filed, related actions; and (3) approve Rigrodsky & Long and Ware Jackson, respectively, as Lead Counsel and Liaison Counsel for the Class.

Dated: June 26, 2012        **WARE, JACKSON, LEE & CHAMBERS, L.L.P.**

By: */s/ Jeffrey W. Chambers*
　　Jeffrey W. Chambers
　　State Bar No. 04075000
　　Federal ID No. 11297
　　jeffchambers@warejackson.com
　　2929 Allen Parkway, 42nd Floor
　　Houston, Texas 77019
　　Telephone: (713) 659-6400
　　Facsimile: (713) 659-6262

**Attorney in Charge for E. Howard King, Jr.**

10

**OF COUNSEL:**

Shashi Patel
State Bar No. 24002731
Federal ID No. 24035
shashipatel@warejackson.com
2929 Allen Parkway, 42nd Floor
Houston, TX 77019
Tel.: (713) 659-6400
Fax: (713) 659-6262

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
sdr@rigrodskylong.com
Timothy J. MacFall
tjm@rigrodskylong.com
825 East Gate Boulevard, Suite 300
Garden City, NY  11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530