UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVE SILVERMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, and JAY JACOBS,<br><br>Defendants. | **Case No. 12-CV-1332-MH**<br><br>**CLASS ACTION**<br><br>**Judge Melinda Harmon** |
| NORMAN JACOBS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, JAMES J. JACOBS, JOHN P. BOYLAN, RICHARD J. HOWE, STEPHEN HARTZELL, J. ALEX LOFTUS, ORRIE LEE TAWES, EDWIN BROWN III, and KENNETH A. JEFFERS,<br><br>Defendants. | **Case No. 12-CV-1404-VDG**<br><br>**CLASS ACTION**<br><br>**Judge Vanessa D. Gilmore** |
| MOHAMMAD MANZOOR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON AMERICAN ENERGY CORP., JOHN F. TERWILLIGER, and JAY JACOBS,<br><br>Defendants. | **Case No. 12-CV-1466-LHR**<br><br>**CLASS ACTION**<br><br>**Judge Lee H. Rosenthal** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY
THE SPITZBERG/GERBER GROUP FOR CONSOLIDATION
OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF CO-LEAD COUNSEL**

Paul Spitzberg ("Spitzberg") and Stephen Gerber ("Gerber") (collectively "Spitzberg/Gerber Group" or "Movant") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating the above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Spitzberg/Gerber Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Houston American Energy Corp. ("HUSA" or the "Company") during the Class Period; (3) approving proposed Lead Plaintiff's selection of Federman & Sherwood ("Federman") and Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Co-Lead Counsel for the Class;[1] and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

At least three federal securities class actions[2] have been filed in the Southern District of Texas against defendants. Each raise substantially similar allegations: defendants violated

---

[1] The PSLRA permits any putative class member -- regardless of whether they have filed a complaint -- to move for appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion. Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex. 2000).

[2] The actions are entitled: *Silverman v. Houston American Energy Corp.*, 4:12-cv-1332; *Jacobs v. Houston American Energy Corp.*, 4:12-cv-2404; and *Manzoor v. Houston American Energy Corp.*, 4:12-cv-1466. The *Silverman* and *Manzoor* actions are on behalf of all persons who purchased or otherwise acquired HUSA securities between March 29, 2010 and April 18, 2012. The *Jacobs* action is on behalf of all persons who purchased or otherwise acquired HUSA securities between October 5, 2010 and April 19, 2012.

For the purpose of selecting a lead plaintiff, it is proper to use "the longer, most inclusive class period … as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*,

Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements regarding HUSA's operations and prospects.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Spitzberg/Gerber Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. Having sustained losses of $1,551,459.61 as a result of defendants' misconduct, the Spitzberg/Gerber Group has a significant financial interest in the relief sought in this action by virtue of its substantial investments in HUSA during the Class Period. The Spitzberg/Gerber Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of the other Class members, and it will adequately represent the Class. Accordingly, the Spitzberg/Gerber Group respectfully submits that it should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

HUSA explores for and produces oil and natural gas in the United States and South America.

On March 1, 2012, the Company disclosed it had delays in drilling its Tamandua #1 well and claimed that further analysis of the well's C7 and C9 formations would be announced as soon as they were available. On this news, HUSA securities plummeted $3.84 per share, or more than 35%, to close at $7.00 per share on March 1, 2012.

---

414 F. Supp.2d 398, 402 (S.D.N.Y. 2006). *See also HCL Partners Limited P'ship. V. Leap Wireless Int'l., Inc.,* 2008 U.S. Dist. LEXIS 43615, at *4 n.2 (S.D. Cal. May 22, 2008) (using the longest class period to determine lead plaintiff movants' financial interest in litigation.).

On April 19, 2012, the Company disclosed it had ceased "efforts to test and complete the C7 and C9 formations in the Tamandua #1 sidetrack well…due to formation damage while drilling." The Company also disclosed that the SEC is conducting a non-public formal investigation "to determine whether there have been any violations of the federal securities laws." Specifically, the Company received three SEC subpoenas in connection with an investigation that commenced in October 2010. The subpoenas call "for the testimony of the Company's chief executive officer and chief financial officer and the delivery of certain documents." On these revelations, HUSA shares declined $1.24 or more than 35.5%, to close at $2.25 on April 19, 2012.

Throughout the Class Period, defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) the continued investment in testing and completing the C7 and C9 formations in Tamandua #1 well was unproductive and not commercially viable; (2) the Company lacked adequate internal and financial controls; and (3) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from disclosures concerning the Company's continued investment in testing and completing the C7 and C9 formations in Tamandua #1 well, which was unproductive and not commercially viable. Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II. THE SPITZBERG/GERBER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate

plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

>  (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>  (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Spitzberg/Gerber Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff.

### A.    Members of the Spitzberg/Gerber Group Are Willing to Serve as Class Representatives

On April 27, 2012, counsel in the action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of HUSA securities that they had until June 26, 2012, to file a motion to be appointed as Lead Plaintiff. *See* Declaration of William Federman in Support of the Spitzberg/Gerber Group's Motion for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel ("Federman Decl."), Ex. C.

The Spitzberg/Gerber Group has filed the instant motion pursuant to the Notice, and has attached Certifications attesting to its members' willingness to serve as class representatives for the Class and provide testimony at deposition and trial, if necessary. *See* Federman Decl., Ex. A.

### B.    The Spitzberg/Gerber Group has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Movant believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case, *Lax v. First Merchants Acceptance Corp.,* 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered);[3] *see also Buettgen v. Harless,* 263 F.R.D. 378, 380 (N.D. Tex. 2002) (citing *In re Enron Corp. Sec. Litig.*, 2006 F.R.D. 427, 440 (S.D. Tex. 2002)). Many courts have held that the largest financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *See, e.g., In re Landry's Seafood Restaurant, Inc.*, 2009 WL 34325276 at *2 (S.D. Tex. 2000); *In re Vicuron Pharmaceuticals, Inc.,* 225 F.R.D. 508, 510 (E.D. Pa. 2004).

Spitzberg (1) purchased 49,490 shares of HUSA securities; (2) purchased 3,606 option contracts in HUSA securities; (3) expended $1,366,907.78 for his purchases of HUSA securities; and (4) suffered a loss of $972,209.68 as a result of the disclosures of the fraud. Gerber (1) purchased 28,500 shares of HUSA securities; (2) purchased 2,784 option contracts in HUSA securities; (3) expended $865,129.38 for his purchases of HUSA securities; and (4) suffered a loss of $579,249.93 as a result of the disclosures of the fraud. In total, the Spitzberg/Gerber Group suffered a loss of $1,551,459.61. *See* Federman Decl., Ex. B. *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997

---

[3] *See also In re Osten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Technology, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *Bell v. Ascendant Solutions, Inc.*, 2002 U.S. Dist. LEXIS 6850, at *12-*17 (N.D. Tex. Apr. 17, 2002).

Because the Spitzberg/Gerber Group possesses the largest financial interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Spitzberg/Gerber Group is Appropriate as a Lead Plaintiff Group

The appointment of a small group of related class members as Lead Plaintiff is expressly permitted by the PSLRA, as the court in this District and the majority of courts throughout the country have recognized. *See In re Waste Mgmt., Inc. Sec. Litig.,* 128 F.Supp.2d 401, 413 (S.D. Tex. 2000) (concluding that "a small group with the largest financial interest in the outcome of the litigation and a pre-litigation relationship based on more than their losing investment, satisfies the terms of the [PSLRA] and serves the purpose behind its enactment"); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 614-15 (W.D. Okla. 2009) (finding that the PSRLA "allows for a group of persons to serve as lead plaintiff"); *Dollens v. Zionts*, 2001 U.S. Dist. LEXIS 19966, at *18 n.7 (N.D. Ill. Dec. 4, 2001) (explaining that appointment of a lead plaintiff group is appropriate under the PSLRA provided that the group will "fairly and adequately protect the interests of the class.").

Contemporaneously with this filing, Spitzberg and Gerber (the members of the Spitzberg/Gerber Group) have submitted a Joint Declaration, demonstrating that each of them is knowledgeable about this litigation, is actively working together, and is committed to protecting the interests of the Class. *See* Joint Declaration of Paul Spitzberg and Stephen Gerber ("Joint Decl."), attached thereto as Exhibit D to the Federman Decl. They "are determined to provide

fair and adequate representation and obtain the largest recovery for the class consistent with good faith and sound judgment." *Id.* at ¶ 4. After interviewing both Federman & Sherwood and Pomerantz Haudek Grossman & Gross LLP, they "conferred with one another and have chosen to propose Federman & Sherwood and Pomerantz Haudek Grossman & Gross LLP as Co-Lead Counsel based on their extensive experience and expertise in prosecuting securities fraud actions." *Id.* at ¶ 5. Further, before filing this motion, Spitzberg and Gerber "conferred with one another and with counsel to discuss, among other things, the claims and allegations against defendants, serving as lead plaintiff, and the protocols for managing the litigation." *Id*.

As indicated in the Joint Declaration, Spitzberg and Gerber have known each other as personal friends and business associates for over five (5) years, and they frequently visit with one another (often on a daily basis) both in-person and over the phone. *Id.* at ¶¶ 2-3. Spitzberg and Gerber believe that their relationship prior to "this litigation will enhance the efficient prosecution of this action." *Id.* at ¶ 6. They "understand that a lead plaintiff's duties include evaluating the strengths and weaknesses of the case and the prospects for resolution of this matter." *Id.* at ¶ 7. Moreover, they understand that as Lead Plaintiff, they "will communicate regularly with counsel and with each other regarding major litigation events, such as motions, settlement discussions, trial preparation, and trial." *Id*. Because of their personal friendship, Spitzberg and Gerber have each other's email addresses and telephone numbers, and they are "prepared to communicate via phone, email, and/or in-person meetings on short notice to ensure that [they] are able to independently communicate and make timely decisions." *Id.* at ¶ 6. They "agree to confer with one another to arrive at joint decisions in [their joint] representation of the case." *Id.* at ¶ 7. Accordingly, they "have already actively worked together to protect the

9

interests of the class by, among other things, conferring with [their] selected counsel about the litigation and [their] joint prosecution of the litigation." *Id*.

As such, the Spitzberg/Gerber Group is an appropriate group because its members share the same goals and objectives, it is a small and manageable size, its members have a long friendship predating this litigation, Spitzberg and Gerber independently decided to jointly seek appointment as Lead Plaintiff, and Spitzberg and Gerber are committed to jointly representing the interests of the Class. Because the Spitzberg/Gerber Group is a small, cohesive group of two sophisticated individual investors who have a pre-existing relationship beyond their involvement in the litigation, their financial interests are properly aggregated for purposes of this motion.

### D. The Spitzberg/Gerber Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff

under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)). *See also Olsten*, 3 F. Supp. 2d at 296; *Bell*, 2002 U.S. Dist. LEXIS 6850, at *17; *Enron*, 206 F.R.D. at 441 ("Typicality and adequacy are directly relevant to the choice of the Lead Plaintiff as well as the class representative in securities fraud class actions.").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

The Spitzberg/Gerber Group's claims are typical of those of the Class. Movant alleges, as do all Class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning HUSA or omitted to state material facts necessary to make the statements they did make not misleading. The Spitzberg/Gerber Group, as did all members of the Class, purchased HUSA securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions. These shared

claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999) (indicating that "differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests.").

The two members of the Spitzberg/Gerber Group have submitted Certifications declaring their commitment to protect the interests of the Class. Further, there is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. The significant losses incurred by the Spitzberg/Gerber Group demonstrate that Movant has sufficient interest in the outcome of this litigation. Additionally, as explained below, Movant's proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Therefore, the Spitzberg/Gerber Group meets the adequacy requirement of Rule 23.

The presumption in favor of appointing the Spitzberg/Gerber Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Spitzberg/Gerber Group's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Spitzberg/Gerber Group should be appointed Lead Plaintiff for the Class.

### III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Spitzberg/Gerber Group has selected Federman and Pomerantz as Co-Lead Counsel because Spitzberg and Gerber "believe that the combined resources and efforts of these two firms will facilitate efficient and thorough litigation on behalf of the class." Joint Decl. ¶ 5. The firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resume. *See* Federman Decl., Exhibits E and F. Moreover, Federman and Pomerantz have worked together to litigate securities class actions in the past and are confident of their ability to jointly litigate this action with efficiency and without the duplication of efforts or unnecessary increase in attorneys' fees. *See* Federman Decl. ¶ 2. As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, the Spitzberg/Gerber Group's counsel have the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously. Thus, the Court may be

assured that by approving Movant's selection of Co-Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing the Spitzberg/Gerber Group as Lead Plaintiff for the Class; (3) approving Federman and Pomerantz as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   June 26, 2012                              Respectfully submitted,

                                       **FEDERMAN & SHERWOOD**

                                       /s/ William B. Federman
                                       William B. Federman
                                       TBA #00794935
                                       SD TX Bar #21540
                                       10205 North Pennsylvania Avenue
                                       Oklahoma City, Oklahoma 73120
                                       Telephone: (405) 235-1560
                                       Facsimile: (405) 239-2112
                                       wbf@federmanlaw.com

                                              -and-

                                       2926 Maple Ave., Suite 200
                                       Dallas, TX  75201


                                       POMERANTZ HAUDEK
                                        GROSSMAN & GROSS LLP
                                       Marc I. Gross
                                       Jeremy A. Lieberman
                                       100 Park Avenue
                                       New York, New York 10017
                                       Telephone: (212) 661-1100
                                       Facsimile: (212) 661-8665

>POMERANTZ HAUDEK
>  GROSSMAN & GROSS LLP
>Patrick V. Dahlstrom
>Ten South LaSalle Street, Suite 3505
>Chicago, Illinois 60603
>Telephone:    (312) 377-1181
>Facsimile:     (312) 377-1184
>
>*Counsel for Movant and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

This is to certify that on June 26, 2012, I have filed the above and foregoing ***Memorandum of Law in Support of the Motion by the Spitzberg/Gerber Group for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Co-Lead Counsel*** on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing, as follows:

Mark T. Oakes
FULLBRIGHT JAWORSKI LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701
Telephone: 512-633-3650
Email: moakes@fullbright.com

SO CERTIFIED this 26th day of June, 2012.

>s/William B. Federman
>William B. Federman